**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MICHAEL PAUL McDANIEL, | : | Civil Action No. 08-0239 (JAG) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Michael Paul McDaniel
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

**GREENAWAY, JR.**, District Judge

Plaintiff Michael Paul McDaniel, a prisoner confined at East Jersey State Prison in Rahway, New Jersey, seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis, pursuant to 28 U.S.C. § 1915, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (Supp. II 1996). Dismissals for frivolousness of civil actions or appeals prior to the passage of the PLRA count as "strikes" under 28 U.S.C. § 1915(g). See Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

Plaintiff's affidavit of indigency and institutional account statement indicate that he lacks the assets to pre-pay the filing fee. However, while incarcerated, plaintiff has had at least three prior civil actions dismissed by this Court as frivolous, malicious, or failing to state a claim upon which relief may be granted. See, e.g., McDaniel v. Lakewood, Civ. No. 01-4817 (AET); McDaniel v. Turnbach, Civ. No. 01-3902 (MLC); and McDaniel v. State of New Jersey, Civ. No. 01-4105 (MLC); McDaniel v. Turnbach, Civ. No. 03-4740 (MLC); McDaniel v. Turnbach, No. 05-2801 (3d Cir. Oct. 7, 2005).

Because plaintiff has had these three prior actions dismissed while he was incarcerated, it is necessary to determine whether he is "under imminent danger of serious physical injury."

In the Complaint, Plaintiff alleges the following: (1) on January 12, 2005, he was assaulted by guards of Bayside State Prison, (2) on March 23, 2005, he was assaulted by guards of New Jersey State Prison, (3) on April 22, 2005, he was assaulted by

guards of Ocean County Jail, (4) on January 13, 2006, he was assaulted by a gang member at Northern State Prison, (5) in February 2007 he was assaulted by a transportation officer, (6) on August 31, 2007, he was assaulted by guards of Northern State Prison, (7) on October 20, 2007, he was assaulted by a guard at East Jersey State Prison, and (8) on January 4, 2008, he was assaulted by guards when being transported back from court.

As relief, Plaintiff seeks an order requiring defendants to transfer him to an out-of-state facility. Based upon these allegations, this Court will permit Plaintiff to proceed in forma pauperis.

This Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

As noted above, Plaintiff alleges that he has suffered a series of attacks by both other inmates and prison guards over a period of several years. In addition, Plaintiff alleges that the defendants are not complying with an order of the Bankruptcy

Court and are continuing to withdraw funds from his institutional account in violation of the Bankruptcy Court order.

Plaintiff names as the sole defendants the New Jersey Department of Corrections and the State of New Jersey. He seeks injunctive relief in the form of a transfer to an out-of-state correctional facility, an order to defendants to comply with the Bankruptcy Court order, and an order requiring defendants to permit Plaintiff to order a television, radio, and clothes.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

## III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159,

169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

The only defendants named in the Complaint are immune, under the Eleventh Amendment, from suit in this Court, and are otherwise not "persons" subject to liability under § 1983.

## V. CONCLUSION

For the reasons set forth above, the Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim.

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: February 28, 2008